**ADANTÉ D. POINTER, ESQ., 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**ANGEL M. ALEXANDER, ESQ., PL-492703**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Suite 208
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LAWYERSFTP.COM
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: Aalexander@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K'AUN GREEN; an individual ) | Case No.: |
| ) | |
| Plaintiff, ) | |
| ) | COMPLAINT FOR DAMAGES |
| v. ) | (42 U.S.C § 1983) |
| ) | |
| CITY OF SAN JOSE, a municipal ) | |
| corporation; and DOES 1-50, inclusive. ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |
| ) | |

## INTRODUCTION

1. Mr. K'aun Green is a 20-year-old, three-time high school state football championship quarterback and current student-athlete at Contra Costa College in Pinole, California. At the time of this incident, he was the recipient of multiple scholarship officers to continue playing football at Division 1 Universities. In addition to being a dutiful son and loyal friend he is now, by all reasonable accounts— a hero.

2. During the early morning hours of March 27, 2022, K'aun was sitting in La Victoria restaurant in San Jose when he was approached by an unknown man who was showing signs of being highly intoxicated. The man became aggressive, verbally challenged K'aun to fight and punched K'aun in the face.  The two men began to wrestle and fell to the floor.

3. A second man who was apparently friends with  K'aun's initial attacker, pulled out a gun and pointed the gun at K'aun and the other customers in the restaurant. K'aun bravely sprang into action. He disarmed the gunman to protect not only his life but the lives of the other customers in the restaurant.

4. The two assailants and a third person rushed K'aun. They pulled on him and demanded that he give them the gun back. Mr. Green backed away from the group of attackers towards the front door of the restaurant all the while pleading for the attackers to stop.. When K'aun reached the front door, one of the attackers reached out and grabbed K'aun's clothes and refused to let go. Mr. Green slid out of the attacker's grasp, stepped back and propped open the front door with his left hand. He continued to inch backward while holding the gun with its barrel pointed towards the sky.

5. Unbeknownst to Mr. Green, several San Jose police officers were rushing toward the restaurant as Mr. Green was exiting the door with his back towards the Officers. Then within mere seconds of arriving on the scene and without giving any sort of reasonable warning or opportunity to comprehend and comply with any orders, a San Jose Police Officer shot K'aun four times just after he had heroically protected himself and everyone in the restaurant from the gunmen.

6. Paramedics rushed K'aun to a nearby hospital. There, he underwent emergency surgery to treat the gunshot wounds he sustained to his abdomen, leg, and arm. Doctors were forced to remove a portion of K'aun's intestines along with multiple pieces of bullet shrapnel that had ripped into his body. K'aun  dream of playing Division 1 Football and being drafted into the

National Football League are in jeopardy. He faces a long and uncertain road to regain the life he once enjoyed. Nevertheless, he is just as determined to fight for his future as he was to fight for the lives of everyone in the restaurant on that fateful night.



## JURISDICTION

7. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in SAN JOSE, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## PARTIES

8. Plaintiff K'AUN GREEN, (hereinafter "Plaintiff," or "Mr. Green") is a competent adult of majority age and a resident of California.

9. Defendant SAN JOSE ("Defendant City") is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of California that manages and operates the SAN JOSE POLICE DEPARTMENT.

10. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiff will ask leave to amend this complaint subject to further discovery.

11. In doing the acts alleged herein, Defendants, Does and each of them, acted within the course and scope of their employment for the CITY OF SAN JOSE.

12. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

13. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein

**FACTUAL ALLEGATIONS**

14. On March 27, 2022, at around 3 am in the morning Plaintiff, 20-year-old,  K'aun Green, and a few friends were sitting in La Victoria Taqueria in San Jose, California. The group was patiently waiting for their food when a stranger approached K'aun and began to verbally harass him. K'aun tried to ignore the man.

15. The stranger, who unbeknownst to K'aun was there with several other people, suddenly attacked K'aun, punching him in the face.

16. As K'aun desperately tried to defend himself, one of the attacker's friends pulled out a gun and pointed it at K'aun and the other customers in the restaurant. As the fracas continued, K'aun miraculously managed to disarm the second man. Once K'aun wrested control of the gun away from his attackers, he backed away to create distance between himself and his attackers. K'aun's efforts not only served to protect his life but the lives of the restaurant's other patrons as well.

17. K'aun continued to move away from his attackers as he backed towards the front door of the restaurant. Nevertheless, the three attackers chased after and lunged at K'aun in an effort to regain control of the gun. Mr. Green fended them off with one hand while simultaneously holding the gun away from their grasp in his left hand.

18. Unbeknownst to K'aun, several City of San Jose Police Officers had arrived on the scene. The Officers immediately ran toward the front door of the restaurant just as K'aun was backing through the door's threshold. One of the attackers grabbed ahold of K'aun's clothes, would not let go and demanded K'aun give the gun back. K'aun somehow managed to duck his head down and out of the clothing. Once he was free of the attacker's grasp, K'aun moved backward out of the door.

19. Just as K'aun inched backward through the door's threshold, one of the assembled Officers who was standing behind K'aun shot him four times. None of the assembled Officers gave K'aun a warning that he was going to be shot. Perhaps just as importantly, the shooting officer failed to give K'aun a reasonable amount of time to acknowledge the officers' presence or comply with any orders the Officers reportedly gave. Instead, the shooting Officer shot K'aun four times despite the Officer never seeing Mr. Green pointing the gun at anyone or

make any verbal threats to shoot it. Indeed, K'aun was shot while he was holding the attacker's gun his left hand with the barrel pointed up towards the sky.

20. The officers' bullets ripped through K'aun's body striking him twice in the arm, once in his knee and once in the abdomen. Immediately after he was shot, the stunned onlookers began to scream at the Officers, demanding to know why they shot K'aun since it was obvious he did not pose an imminent deadly threat at the time the lone Officer shot him.

21. Incredulously, the Officers handcuffed K'aun behind his back which further complicated his ability to breathe and aggravated his injuries. Although K'aun was scared he was going to lose consciousness and die, he somehow managed to maintain his composure and resisted going into shock. He repeatedly begged for the officers, EMTs or anyone to call his mother – all to no avail.

22. Mr. Green was rushed to a nearby hospital where he underwent emergency surgery. Doctors treated Mr. Green for his gunshot injuries which necessitated the removal of a piece of his intestines.



23. Even after officers learned K'aun had been the hero, they continued to treat him like a criminal. They handcuffed him to the hospital bed and prevented him from contacting anyone. K'aun's parents were worried sick since they only found out their son was shot after one of his friends informed them after police had detained, interrogated and released the friend. K'aun's family quickly called San Jose Police Department and local hospitals in a frantic effort to find out whether their son was dead or alive. After being given the run around for over a day, the police finally confirmed he was alive but being held in police custody in a hospital. K'aun's parent were finally able to visit him on Tuesday, May 29, 2022, nearly three days after the incident.

24. Only after reports from various media outlets that the officer shot the wrong person did the San Jose Police Department feel compelled to explain why they shot the hero, not the criminal gunman.



25. Tellingly, Mr. Green was never charged with any crimes. As a result of the officers' excessive force Mr. Green suffered bullet and shrapnel wounds to his elbow, knee, and abdomen, requiring multiple surgeries. At the time of this tragic yet avoidable incident, Mr. Green was a junior college student athlete who was being courted to play college football by many Division 1 Universities. In fact, he was projected to be drafted and become an NFL player given his athletic ability and championship pedigree. Mr. Green is facing a long and uncertain road to recover the life he once lived, the sport he once enjoyed and dream he was moving ever closer to making his reality. The Officer's rash decision to shoot Mr. Green, who had done nothing wrong, has potentially jeopardized the young man's promising future.



# DAMAGES

26. As a consequence of the Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

27. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(Plaintiff against DOES 1-25)*

28. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

29. When Defendant Does Police Officer shot Plaintiff, none of the assembled Officers gave Plaintiff a warning or time to comply with the commands the Defendant Officers' reportedly made. Plaintiff was not a credible threat, as his back was towards the officers and had not made any threatening gestures or statements. Defendants' conduct deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution.

30. As a result of this misconduct, Defendant Does are liable for Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (Monell)–**
**42 U.S.C. section 1983)**
*(Plaintiff against Defendant CITY OF SAN JOSE and DOES 26-50)*

31. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

32. Plaintiff is informed and believes and therein alleges that the CITY OF SAN JOSE Police Department exhibits a pattern and practice of using excessive force and misconduct against citizens and despite these incidents, none of the Officers are ever found in violation of department policy or disciplined, even under the most questionable of circumstances. CITY OF SAN JOSE Police Department's failure to discipline or retrain the Defendant Officers is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting deaths and injuries is a proximate result of the CITY OF SAN JOSE Police Department's failure to properly supervise its Officers and ratify their unconstitutional conduct. Plaintiffs is informed, believe and therein allege that the following instances are examples of the CITY OF SAN JOSE'S pattern and practice of condoning misconduct, excessive and deadly force by failure to discipline:

   a. San Jose Police shot and killed Anthony Nunez on July 4, 2016 on his front porch during a mental health crisis in which he had tried to commit suicide. A jury found the two shooting officers, San Jose Officers Michael Santos and Anthony Vizzusi, used excessive in July of 2019. Neither officer was disciplined and one of them was promoted.[1]
   b. San Jose Police shot unarmed 24-year-old Jennifer Vasquez on Christmas Day, December 25, 2018 fourteen times in her head, chest, arm and shoulder. Officers had mistaken Ms. Vasquez's car for that of a wanted criminal suspect's car, chased her down and shot her. None of the officers were disciplined.[2]
   c. On May 2, 2018 San Jose Police Officer Vieira-Ribeiro responded to a call of a

---

[1] "2 Officers Used Excessive Force in Fatal Shooting of 18-Year-Old"
https://www.nbcbayarea.com/news/local/2-officers-used-excessive-force-in-fatal-shooting-of-18-year-old/151849/
[2] " San Jose Police Cleared of Wrongdoing in Fatal Shooting of Mistaken Suspect on Christmas Day"
https://www.nbcbayarea.com/news/local/san-jose-police-cleared-of-wrongdoing-in-fatal-shooting-of-mistaken-suspect-on-christmas-day/104980/

  possible fight at the Eastridge Mall involving two suspects. Ofc. Vieira-Ribeiro spotted and followed two running suspects onto a dirt bicycle path then ran over suspect Andy Martin with his vehicle crushing his pelvis. Ofc. Veira-Ribeiro then backed over Andy Martin a second time, fracturing his leg. Ofc. Vieira-Ribeiro was not disciplined as a result of this incident. Martin v. San Jose, 3:19-cv-01227-EMC.
 d. On June 21, 2020, San Jose officers shot and killed a David Tovar, Jr. in the back while he ran away then sicced a police K9 on him while he bled to death. Tovar v. San Jose, 5:21-cv-02497-EJD

33. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendant, and Does 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. A San Jose Police Officer shot Plaintiff K'AUN GREEN multiple times after he bravely disarmed a gunman and was not threatening anyone.

34. Plaintiff is further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants and Does 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Decedent's and Plaintiff's rights as alleged herein.

35. As against Defendant CITY OF SAN JOSE, DOES 1-50 in his/their capacity as police officer(s) for the City of SAN JOSE, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF SAN JOSE POLICE DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens. This is reinforced by the fact that the officers in the aforementioned excessive force incidents as well as the one underlying this complaint have not been disciplined and/or re-trained.

36. The unconstitutional actions and/or omissions of Does 1-50, as well as other officers employed by or acting on behalf of Defendant CITY OF SAN JOSE on information and belief,

were pursuant to the following customs, policies, practices, and/or procedures of the SAN JOSE Police Department stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for CITY OF SAN JOSE:

    a. To cover-up violations of constitutional rights by any or all of the following:

        i. by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force;

        ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

        iii. by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

    b. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

    c. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.;

    d. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint, with deliberate indifference to the rights and safety of Plaintiffs and the public, and in the face of an obvious need for such policies, procedures, and training programs to prevent recurring and foreseeable violations of rights of the type described herein.

37. Defendants CITY OF SAN JOSE and DOES 26-50 failed to properly train, instruct, monitor, supervise, evaluate, investigate, and discipline Does 1-25, and other SJPD personnel, with deliberate indifference to Plaintiff's constitutional rights. Plaintiff's rights were thereby

violated as a result of the deliberate indifference as described above.

38. The unconstitutional actions and/or omissions of Defendant Does 1-25, and other SJPD personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the SJPD. Plaintiff is informed and believes and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within the City of SAN JOSE and the SJPD, and that such policy makers have direct knowledge of the fact that the shooting K'AUN GREEN was not justified, but rather represented an unconstitutional use of unreasonable, excessive, and deadly force. Notwithstanding this knowledge, the authorized policy makers within the City of SAN JOSE and SJPD have approved the yet-to-be-identified Officers' shooting of K'AUN GREEN, and have made a deliberate choice to endorse the shooting of K'AUN GREEN and the basis for that shooting. By doing so, the authorized policy makers within the City of SAN JOSE and the SJPD have shown affirmative agreement with the actions of Does 1-25, and have ratified the unconstitutional acts of Does 1-25.

39. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendant City of SAN JOSE and Does 26-50, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 U.S.C. §1983, as more fully set forth in Cause of Action 1-3, above.

40. Defendants subjected Plaintiffs and Decedent to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

41. As a direct and proximate result of the unconstitutional actions, omissions, customs,

policies, practices and procedures of Defendants City of SAN JOSE and Does 26-50 as described above, plaintiff sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorneys' fees as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

42. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, against each and every Defendant, jointly and severally, as follows:

1. For general damages in a sum to be proven at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages against DOES 1-50 in a sum according to proof;

4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, and as otherwise may be allowed by California and/or federal law;

5. For cost of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.

Dated:  April 7, 2022              Respectfully submitted,

                                   POINTER & BUELNA, LLP
                                   LAWYERS FOR THE PEOPLE

                                   /s/Adanté Pointer
                                   ADANTÉ D. POINTER
                                   PATRICK M. BUELNA
                                   ANGEL M. ALEXANDER
                                   Attorneys for Plaintiff
                                   K'AUN GREEN