**ADANTE D. POINTER, ESQ., 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**ANGEL M. ALEXANDER, ESQ., PL-492703**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Suite 208
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LAWYERSFTP.COM
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: Aalexander@LawyersFTP.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K'AUN GREEN; an individual<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, a municipal corporation; MARK MCNAMARA, in his individual capacity as a law enforcement officer for CITY OF SAN JOSE; ANTHONY MATA, in his individual capacity as a law enforcement officer for CITY OF SAN JOSE; and DOES 1-50, inclusive.<br><br>Defendants. | Case No.: 5:22-cv-02174-NC<br><br><u>SECOND AMENDED COMPLAINT FOR DAMAGES</u><br>(42 U.S.C § 1983)<br><br><u>JURY TRIAL DEMANDED</u> |

**INTRODUCTION**

1. Mr. K'aun Green is a 20-year-old, three-time high school state football championship quarterback and current student-athlete at Contra Costa College in Pinole, California. At the time of this incident, he was the recipient of multiple scholarship officers to continue playing football at Division 1 Universities. In addition to being a dutiful son and loyal friend he is now, by all reasonable accounts— a hero.

2.  During the early morning hours of March 27, 2022, K'aun was sitting in La Victoria restaurant in San Jose when he was approached by an unknown man who was showing signs of being highly intoxicated. The man became aggressive, verbally challenged K'aun to fight and punched K'aun in the face.  The two men began to wrestle and fell to the floor.

3.  A second man who was apparently friends with K'aun's initial attacker, pulled out a gun and pointed the gun at K'aun and the other customers in the restaurant. K'aun bravely sprung into action. He disarmed the gunman to protect not only his life but the lives of the other customers in the restaurant.

4.  The two assailants and a third person rushed K'aun. They pulled on him and demanded that he give them the gun back. Mr. Green backed away from the group of attackers towards the front door of the restaurant all the while pleading for the attackers to stop. When K'aun reached the front door, one of the attackers reached out and grabbed K'aun's clothes and refused to let go. K'aun slipped out of the attacker's grasp, stepped back and propped open the front door with his left hand.

5.  Unbeknownst to K'aun, 5-6 San Jose police officers rushed up to the restaurant's front steps while he was exiting the door with his back towards the approaching officers. As K'aun focused on keeping his attackers from taking the gun, he backed out of the door with the pistol pointed harmlessly in the air.



6. Seconds later, officers did provide orders to "drop the gun" but Defendant McNamara never provided K'aun the opportunity to comply and shot K'aun four times simultaneous with the commands. Defendant McNamara never warned K'aun he would shoot or even provided him any opportunity to comply with the orders to drop the gun before firing. In fact, surveillance captured K'aun Green in the **act of complying** with those orders – dropping the gun and raising his hands in surrender – when Defendant McNamara inexplicably shot him four times simultaneous to those orders while the five other SJPD officers standing beside him **tellingly never opened fire** – because they saw him complying or were giving him the opportunity to comply. Certainly those five officers did not perceive an immediate threat of serious bodily harm from K'aun that merited discharging their firearm despite standing right next to Defendant McNamara.



7. Paramedics rushed K'aun to a nearby hospital. There, he underwent emergency surgery to treat the gunshot wounds he sustained to his abdomen, leg, and arm. Doctors were forced to

remove a portion of K'aun's intestines along with multiple bullet shrapnel that had ripped into his body. K'aun hopes of reaching his dream of playing Division 1 Football and drafted into the National Football League are in jeopardy. He faces a long and uncertain road to regain the life he once enjoyed. Nevertheless, he is as determined to fight for his future as he was to fight for the lives of everyone in the restaurant on that fateful night.



## JURISDICTION

8. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in SAN JOSE, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## PARTIES

9. Plaintiff K'AUN GREEN, (hereinafter "Plaintiff," or "Mr. Green") is a competent adult of majority age and a resident of California.

10. Defendant SAN JOSE ("Defendant City") is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of California that

manages and operates the SAN JOSE POLICE DEPARTMENT.

11. Defendant MARK MCNAMARA, in his individual capacity as a law enforcement officer, chief of police and final policy maker for CITY OF SAN JOSE, who was and at all times herein mentioned was employed by the CITY OF SAN JOSE POLICE DEPARTMENT.

12. Defendant ANTHONY MATA, in his individual capacity as a law enforcement officer for CITY OF SAN JOSE, who was and at all times herein mentioned was employed by the CITY OF SAN JOSE POLICE DEPARTMENT.

13. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiff will ask leave to amend this complaint subject to further discovery.

14. In doing the acts alleged herein, Defendants, Does and each of them, acted within the course and scope of their employment for the CITY OF SAN JOSE.

15. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

16. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein

17. On or about April 11, 2022, Plaintiff filed a timely government tort claim against City of San Jose. On or about May 24, 2022, City of San Jose rejected the government tort claim.

## FACTUAL ALLEGATIONS

18. On March 27, 2022, at around 3 am in the morning Plaintiff, 20-year-old, K'aun Green, and a few friends were sitting in La Victoria Taqueria in San Jose, California. The group was patiently waiting for their food when a stranger approached K'aun and began to verbally harass him. K'aun tried to ignore the man.

19. The stranger, who unbeknownst to K'aun was there with several other people, suddenly attacked K'aun, punching him in the face. As K'aun desperately tried to defend himself, one of the attacker's friends pulled out a gun and pointed it at K'aun and the other customers in the restaurant. As the fracas continued, K'aun miraculously managed to disarm the second man. Once K'aun wrestled control of the gun away from his attackers, he backed away to create distance between himself and his attackers. K'aun's efforts not only served to protect his life but the lives of the restaurant's other patrons as well.

20. K'aun continued to move away from his attackers as he backed towards the front door of the restaurant. Nevertheless, the three attackers chased after and lunged at K'aun in efforts to regain control of the gun. Mr. Green fended them off with one hand while simultaneously holding the gun up and away from their grasp in his left hand.

21. Unbeknownst to K'aun, 5-6 San Jose police officers rushed to the front steps of the restaurant as K'aun was exiting the door with his back towards the Officers. As K'aun focused on keeping his attackers from taking the gun, he backed out of the door with the pistol pointed in the air.



22. Seconds later, officers did provide orders to "drop the gun" but Defendant McNamara never provided K'aun the opportunity to comply and shot K'aun four times simultaneous with the commands. Defendant McNamara never warned K'aun he would shoot or even provided him any opportunity to comply with the orders to drop the gun before firing. In fact, surveillance captured K'aun Green in the **act of complying** with those orders – dropping the gun and raising his hands in surrender – when Defendant McNamara inexplicably shot him four times simultaneous to those orders while the five other SJPD officers standing beside him **tellingly never opened fire** – because they saw him complying or were giving him the opportunity to comply. Certainly, those five officers did not perceive an immediate threat of

1  serious bodily harm from K'aun that merited discharging their firearm despite standing right
2  next to Defendant McNamara.



   23. The officers' bullets ripped through K'aun's body striking K'aun twice in the arm, once in his knee and once in the abdomen. Immediately after he was shot, the stunned onlookers began to scream at the Officers, demanding to know why they shot K'aun since it was obvious he did not pose an imminent deadly threat at the time the lone Officer shot him. Furthermore the five officers standing right next Defendant McNamara saw that K'aun Green did not pose an imminent deadly threat at the time and declined to fire their weapon.

   24. Incredulously, the Officers handcuffed K'aun behind his back which further complicated his ability to breathe and aggravated his injuries. Although K'aun was scared he was going to lose consciousness and die, he somehow managed to maintain his composure and resisted going into shock. He repeatedly begged for the officers, EMTs or anyone to call his mother – all to no avail.

22. Mr. Green was rushed to a nearby hospital where he underwent emergency surgery. Doctors treated Mr. Green for his gunshots which necessitated they remove a piece of his intestines.



23. Even after officers learned K'aun had been the hero, they continued to treat him like a criminal. They handcuffed him to the hospital bed and prevented him from contacting anyone. K'aun's parents were worried sick since they only found out their son was shot after one of his friends informed them after police had detained and interrogated the friend. K'aun's family



quickly called San Jose Police Department and local hospitals in a frantic effort to find out whether their sonwas dead or alive. After being given the run around for over a day, the police finally confirmed he was alive but being held in police custody in a hospital. K'aun's parent were finally able to visit him on Tuesday, May 29, 2022, nearly three days after the incident.

24. Only after reports from various media outlets that the officers shot the wrong person did the San Jose Police Department feel compelled to explain why they shot the hero, not the gunman.

25.  Tellingly, K'aun was never charged with any crimes. As a result of the officers' excessive force K'aun suffered bullet and shrapnel wounds to his elbow, knee, and abdomen, requiring multiple surgeries. At the time of this tragic yet avoidable incident, K'aun was a junior college student athlete who was being courted to play college football by many Division 1 Universities. In fact, he was projected to be drafted and become an NFL player given his athletic ability prowess and championship pedigree. K'aun is facing a long and uncertain road to recover the life he once lived, the sport he once enjoyed and dream he was moving ever closer to making his reality. Defendant McNamara's rash decision to shoot K'aun several times, who had done nothing wrong, has potentially jeopardized the young man's promising future.



# DAMAGES

26. As a consequence of Defendant's violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

27. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(Plaintiff against MCNAMARA and DOES 1-25)*

28. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

29. When Defendant McNamara shot Plaintiff, Plaintiff was not a credible threat and was in the act of complying with officers. Defendant's conduct deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution.

30. As a result of this misconduct, Defendant is liable for Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (Monell)– 42 U.S.C. section 1983)**
*(Plaintiff against Defendant ANTHONY MATA, CITY OF SAN JOSE and DOES 26-50)*

31. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint

as fully set forth here.

32. Plaintiff is informed and believes and therein alleges that the CITY OF SAN JOSE Police Department exhibits a pattern and practice of using excessive force and misconduct against citizens and despite these incidents, none of the Officers are ever found in violation of department policy or disciplined, even under the most questionable of circumstances. CITY OF SAN JOSE Police Department and Chief of Police Defendant ANTHONY MATA's failure to discipline or retrain the Defendant Officer is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting deaths and injuries is a proximate result of the CITY OF SAN JOSE Police Department and Chief of Police Defendant ANTHONY MATA's failure to properly supervise its Officers and ratify their unconstitutional conduct. Plaintiff is informed, believes and therein alleges that the following instances are examples of the CITY OF SAN JOSE'S pattern and practice of condoning misconduct, excessive and deadly force by failure to discipline:

a. San Jose Police shot and killed Anthony Nunez on July 4, 2016 on his front porch during a mental health crisis in which he had tried to commit suicide. A jury found the two shooting officers, San Jose Officers Michael Santos and Anthony Vizzusi, used excessive in July of 2019. Neither officer was disciplined and one of them was promoted.[1]
b. San Jose Police shot unarmed 24-year-old Jennifer Vasquez on Christmas Day, December 25, 2018 fourteen times in her head, chest, arm and shoulder. Officers had mistaken Ms. Vasquez's car for that of a wanted criminal suspect's car, chased her down and shot her. None of the officers were disciplined.[2]
c. On May 2, 2018 San Jose Police Officer Vieira-Ribeiro responded to a call of a possible fight at the Eastridge Mall involving two suspects. Ofc. Vieira-Ribeiro spotted and followed two running suspects onto a dirt bicycle path then ran over suspect Andy Martin with his vehicle crushing his pelvis. Ofc. Veira-Ribeiro then backed over Andy Martin a second time, fracturing his leg. Ofc. Vieira-Ribeiro was not disciplined as a result of this incident resulting in a $6 million

---

[1] "2 Officers Used Excessive Force in Fatal Shooting of 18-Year-Old"
https://www.nbcbayarea.com/news/local/2-officers-used-excessive-force-in-fatal-shooting-of-18-year-old/151849/
[2] "San Jose Police Cleared of Wrongdoing in Fatal Shooting of Mistaken Suspect on Christmas Day"
https://www.nbcbayarea.com/news/local/san-jose-police-cleared-of-wrongdoing-in-fatal-shooting-of-mistaken-suspect-on-christmas-day/104980/

jury verdict. Martin v. San Jose, 3:19-cv-01227-EMC.
d. On June 21, 2020, San Jose officers shot and killed a David Tovar, Jr. in the back while he ran away then sicced a police K9 on him while he bled to death. Tovar v. San Jose, 5:21-cv-02497-EJD
e. On August 31, 2022, a jury found a San Jose officer used excessive force when he shot and killed Jacob Dominguez in 2017 based on the disputed fact whether Dominguez was surrendering a weapon when the officer shot.[3]

33. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants MATA, CITY and Does 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. A San Jose Police Officer shot Plaintiff K'AUN GREEN multiple times after he bravely disarmed a gunman and was not threatening anyone.

34. Plaintiff is further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant and Does 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

35. As against Defendant CITY OF SAN JOSE, DOES 1-50 in his/their capacity as police officer(s) for the City of SAN JOSE, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF SAN JOSE POLICE DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens. This is reinforced by the fact that the officers in the aforementioned excessive force incidents as well as the one underlying this complaint have not been disciplined and/or re-trained. Furthermore Defendant Chief of Police

---

[3] "San Jose: Federal jury finds police officer liable for excessive force in fatal 2017 shooting" https://www.mercurynews.com/2022/08/31/san-jose-federal-jury-finds-police-officer-liable-for-excessive-force-in-fatal-2017-shooting/

MATA has made statements in the media and public that appeared to endorse and support Defendant McNamara's excessive force.

36. The unconstitutional actions and/or omissions of Does 1-50, as well as other officers employed by or acting on behalf of Defendant CITY OF SAN JOSE on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the SAN JOSE Police Department stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for CITY OF SAN JOSE – particularly Defendant MATA:

   a. To cover-up violations of constitutional rights by any or all of the following:

      i. by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force;

      ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

      iii. by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

   b. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

   c. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.;

   d. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint, with deliberate indifference to the rights and safety of Plaintiffs and the public, and in the face of an obvious need for such

policies, procedures, and training programs to prevent recurring and foreseeable violations of rights of the type described herein.

37. Defendants MATA, CITY OF SAN JOSE and DOES 26-50 failed to properly train, instruct, monitor, supervise, evaluate, investigate, and discipline Does 1-25, and other SJPD personnel, with deliberate indifference to Plaintiff's constitutional rights. Plaintiff's rights were thereby violated as a result of the deliberate indifference as described above.

38. The unconstitutional actions and/or omissions of Defendant McNAMRA, Does 1-25, and other SJPD personnel, as described above, were approved, tolerated and/or ratified by Defendant MATA and policy-making officers for the SJPD.  Plaintiff is informed and believes and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within the City of SAN JOSE and the SJPD, including Defendant MATA and that such policy makers have direct knowledge of the fact that the shooting K'AUN GREEN was not justified, but rather represented an unconstitutional use of unreasonable, excessive, and deadly force.  Notwithstanding this knowledge, the authorized policy makers within the City of SAN JOSE and SJPD, including Defendant MATA, have approved the McNamara's shooting of K'AUN GREEN, and have made a deliberate choice to endorse the shooting of K'AUN GREEN and the basis for that shooting.  By doing so, the authorized policy makers within the City of SAN JOSE, MATA and the SJPD have shown affirmative agreement with the actions of Does 1-25, and have ratified the unconstitutional acts of Does 1-25.

39. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendant City of SAN JOSE and Does 26-50, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation

of 42 U.S.C. §1983, as more fully set forth in Cause of Action 1-3, above.

40. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

41. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants City of SAN JOSE and Does 26-50 as described above, plaintiff sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorneys' fees as set forth in paragraphs above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Violation of CALIFORNIA CIVIL CODE § 52.1 "The Bane Act")**
*(Plaintiff against Defendants MCNAMARA, CITY, and DOES 1-50)*

42. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

43. Plaintiff brings this "Bane Act" claim individually for direct violation of his own rights.

44. By their conduct described herein, Defendant McNamara, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established right under the United States Constitution and the California Constitution:

    a. Plaintiff's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

45. Excessive force which violates the Fourth Amendment also violates the Bane Act.[4] Defendant's use of unlawful force against Plaintiff, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

46. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.[5] All of Defendant's violation of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none were accidental or merely negligent.

47. Alternatively, Defendant's violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

    b. Threatening Plaintiff in the absence of any threat presented by Plaintiff or any justification whatsoever;

    c. Using deliberately reckless and provocative tactics to detain Plaintiff in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's rights;

    d. Defendant using force against Plaintiff in the absence of any threat or need for such force;

    e. Threatening violence against Plaintiff, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j); and

    f. Violating multiple rights of Plaintiff;

48. Defendant CITY OF SAN JOSE is vicariously liable, pursuant to California

---

[4] *See Chaudhry v. City of Los Angeles,* 751 F.3d 1096, 1105 (9th Cir. 2014) (citing *Cameron v. Craig,* 713 F.3d 1012, 1022 (9th Cir. 2013)).
[5] *Cornell v. City and County of San Francisco,* 17 Cal.App.5th 766, 801-02 (2017) (*review denied*).

Government Code § 815.2, for the violation of rights by its employees and agents.

49. As a direct and proximate result of Defendant Sievers' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendant McNamara, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Battery — Violation of CALIFORNIA PENAL CODE § 242)
*(Plaintiff against Defendants McNamara, CITY, and DOES 1-50)*

50. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

51. Defendant McNamara, while working as an officer of the San Jose Police Department and acting within the course and scope of his duties, intentionally injured Plaintiff without a lawful basis or consent.

52. As a result of the actions of the Defendant, Plaintiff suffered physical injuries. Defendant did not have legal justification for using force against Plaintiff, and Defendant's use of force while carrying out his law enforcement duties was an unreasonable use of force.

53. Defendant CITY OF SAN JOSE is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

54. As a direct and proximate result of Defendant's battery of Plaintiff, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above.

/

## FIFTH CAUSE OF ACTION
### (Negligence)
*(Plaintiff against Defendants McNamara, CITY, and DOES 1-25)*

55. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

56. At all times, Defendant City and McNamara owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

57. At all times, Defendants owed Plaintiff the duty to act with reasonable care.

58. These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

   g. to refrain from using excessive and/or unreasonable force against Plaintiff;

   h. to refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used;

   i. to refrain from abusing their authority granted to them by law; and

   j. to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

59. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

60. Defendant CITY OF SAN JOSE is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code §815.2.

61. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages and, against each and every Defendant, is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

62. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, against each and every Defendant, jointly and severally, as follows:

1. For general damages in a sum to be proven at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages against McNamara and DOES 1-50 in a sum according to proof;

4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

5. For cost of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.

Dated:  September 22, 2022                                 Respectfully submitted,

                                                           POINTER & BUELNA, LLP
                                                           LAWYERS FOR THE PEOPLE

                                                           /s/Patrick Buelna
                                                           PATRICK M. BUELNA
                                                           ADANTE D. POINTER
                                                           ANGEL M. ALEXANDER
                                                           Attorneys for Plaintiff
                                                           K'AUN GREEN